UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL AARON KAMBERGER, | |
| Plaintiff, | CASE NO. C11-5967-BHS-JRC |
| v. | ORDER TO SHOW CAUSE |
| DEPARTMENT OF CORRECTIONS, et al. | |
| Defendants. | |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Court has granted plaintiff leave to proceed in forma pauperis.

Plaintiff is challenging his convictions out of Mason County for two counts of attempted robbery in the second degree and theft in the third degree. Those convictions have resulted in a fifty-two and one half month sentence (ECF No. 1, Proposed complaint, page 7).

Plaintiff names the Department of Corrections, three employees of the Department, a Mason County Judge, and the Mason County Prosecutor as defendants. Plaintiff claims that mail was not timely delivered to the proper parties and as a result he was tried and convicted of his crimes in violation of his right to a speedy trial. He seeks monetary damages, reversal of his convictions, and dismissal of the charges.

If a petitioner is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether petitioner is or was entitled to immediate release or a speedier release from that imprisonment, petitioner's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus,

not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff is ordered to show cause why this action should not be dismissed for failure to state a claim. Plaintiff's response is due on or before December 30, 2011. Failure to respond, or an inadequate response will result in a report and recommendation that this action be dismissed with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (e).

Dated this 29th day of November, 2011.

J. Richard Creatura
United States Magistrate Judge