UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL AARON KAMBERGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. C11-5967BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 14), Plaintiff Michael Aaron Kamburger's ("Kamburger") objections to the R&R (Dkt. 15), and Kamburger's motion for reconsideration (Dkt. 16).

On January 9, 2012, Judge Creatura issued the R&R recommending that the Court dismiss Kamberger's complaint without prejudice because Kamberger's right to relief depends on the outcome of his petition for writ of habeas corpus. Dkt. 14. Kamberger's cause of action arises from his attempt to resolve pending charges in Mason County Superior Court for the State of Washington while being incarcerated for other convictions. The charges were not resolved and Kamberger was subsequently convicted. Kamberger alleges that the prison officials failed to properly mail his request to resolve the charges to both the Mason County court and Mason County prosecutor. Kamberger claims that the officials' alleged failures violated his due process rights and right to speedy trial.

ORDER – 1

Judge Creatura found that these allegations are the substance of Kamberger's pending petition for writ of habeas corpus. Kamberger objects and requests leave to amend his complaint to more accurately separate this civil rights action from his petition. Dkts. 15 & 16. The Court finds that the actions cannot be separated. If the civil rights challenge "necessarily impl[ies] the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (quoting *Edwards v. Balisok*, 520 U.S. 641 (1997)). Kamberger is alleging a violation of his due process rights and right to a speedy trail, which necessarily implies the validity of conviction and continuing confinement.

Therefore, the Court having considered the R&R, Kamberger's objections and motion for reconsideration, and the remaining record, does hereby find and order as follows:

(1)  The R&R is **ADOPTED**;

(2)  Kamberger's motion for reconsideration is **DENIED**; and

(3)  This action is **DISMISSED without prejudice**.

DATED this 15th day of February, 2011

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2